IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENT LAVON RICE )
1504 D STREET SE )
WASHINGTON, DC 20003 )
)
)
)
    Plaintiff )

CASE NUMBER 1:05CV02377

JUDGE: Emmet G. Sullivan

v.

DECK TYPE: Personal Injury/Malpractic

UNITED STATES OF AMERICA
SERVE;

DATE STAMP: 12/12/2005

    Albert Gonzales )
    Attorney General of the United States )
    U. S. Department of Justice )
    950 Pennsylvania Ave. NW )
    Washington, D. C. 20530-0001 )
)
    Kenneth L. Wainstein )
    United States Attorney for the District of Columbia )
    United States Attorney's Office )
    555 4th Street NW )
    Washington, D. C. 20530 )
)
    John Caulfield )
    Office of General Counsel, US Capitol Police )
    119 D Street NE )
    Washington, D. C. 20510 )
)
    AND )
)
THE DISTRICT OF COLUMBIA )
SERVE: )
)
)
    Anthony A. Williams )
    Mayor of the District of Columbia )
    1315 Pennsylvania Ave. Room 419 )
    Washington, D. C. 20001 )

|                                                      |   |
|------------------------------------------------------|---|
| AND                                                  | ) |
|                                                      | ) |
| GEICO INSURANCE COMPANY                              | ) |
| ONE GEICO PLAZA                                      | ) |
| FREDERICKSBURG, VA. 22412                            | ) |
|                                                      | ) |
| SERVE:                                               | ) |
|                                                      | ) |
| Insurance Commissioner for the District of Columbia  | ) |
|                                                      | ) |
| DEFENDANTS                                           | ) |

## COMPLAINT FOR MONETARY DAMAGES

The Plaintiff, Kent Lavon Rice, by and through his attorney, Robert Joel Zakroff and Zakroff and Associates PC brings this action against the Defendants, The United States of America, The District of Columbia and Geico Insurance Company and as for his cause of action states as follows:

### JURISDICTION

1. This Court has jurisdiction over the above captioned matter pursuant to the Federal Tort Claims Act as the case involves a claim against the Federal government as a result of gross negligence by the United States Capital Police. 28USC Sec. 2671.

2. That this Court has supplemental jurisdiction over claims against the District of Columbia pursuant to 28 USC Sec 1367(a), as hereinafter more fully appears, for violation of D. C. Code Section 2-412.

3. That this Court has jurisdiction over GEICO Insurance Company pursuant to 28 U. S. C. Sec. 1332 as the amount in controversy exceeds $75,000.00 and the Defendant Geico has its principal place of business in Fredericksburg, Virginia.

## COUNT ONE

## (GROSS NEGLIGENCE BY THE UNITED STATES OF AMERICA)

4. On or about December 12, 2002 the Plaintiff Kent Rice was operating his motor vehicle in the vicinity of 10th Street and Pennsylvania Ave. SE in the District of Columbia when his vehicle was struck by a motor vehicle operated by Avon Burke who was operating his vehicle at a high rate of speed when Burke lost control as he was fleeing from agents, servants or employees of Defendants United States of America and District of Columbia.

5. That at or about the same time officers of the United States Capitol Police (hereinafter referred to as Capitol Police) were grossly negligent in pursuing Avon Burke for a minor traffic violation and were engaged in a hot pursuit of Burke at a high rate of speed through the residential areas of the District of Columbia. That at the same time and place Burke was being grossly negligent in its pursuit by members of the District of Columbia Metropolitan Police Department (hereinafter Metropolitan Police). That at all times herein the Defendants Metropolitan Police and Capitol Police were acting in concert, both traveling at high rates of speed through The District of Columbia.

As a direct result of the gross negligence herein the Plaintiff suffered serious and permanent injuries.

6. At all times mentioned herein, the Capitol police officers were acting as agents, servants or employees of The United States Capitol Police within the scope of their employment with the United States.

7. At all times mentioned herein the defendant Capitol Police owed the Plaintiff a duty to refrain from grossly negligent actions while operating within the scope of their employment with the United States of America.

8. That in breach of said duty the Defendants Capitol Police were grossly negligent when they chased Avon Burke through the streets of the District of Columbia for a routine traffic violation.

9. As a direct and proximate result of the Defendant's gross negligence the Plaintiff's vehicle was struck causing the Plaintiff to suffer serious and permanent injuries including but not limited to his neck, back, left wrist, left hand and head. In addition the plaintiff experienced and continues to experience pain and suffering, incurred medical bills and lost wages.

10. The Plaintiff was in no way contributorily negligent nor did he assume the risk of his injuries. The Plaintiff has complied with the notice requirements of the Federal Torts Claims Act.

Wherefore the Plaintiff requests that the Court award damages in the amount of $100,000.00 plus costs.

## COUNT TWO

### (GROSS NEGLIGENCE OF THE DISTRICT OF COLUMBIA)

11. The Plaintiff incorporates by reference the allegations of paragraphs one through ten of Count One and further states;

12. That at all times herein the Metropolitan Police owed the Plaintiff a duty to refrain from operating its motor vehicles in a grossly negligent manner in hot pursuit of an alleged violator of a routine traffic violation through the streets of the District of Columbia.

13. That The Metropolitan Police violated this duty when they chased in a grossly negligent manner the alleged violator Burke endangering the lives of the individuals then and there upon the streets which resulted in the collision between The Plaintiff's car and Burke's car.

14. That as a direct and proximate result of this Defendant's negligence, the Plaintiff suffered serious and permanent injuries including but not limited to his head neck , back, head left wrist and hand.

15. The Plaintiff was at no times contributorily negligent nor did he assume the risk of his injuries. The Plaintiff has provided statutory notice to the Defendant

Wherefore, the Plaintiff requests judgment against The District of Columbia in the amount of $100,000.00.

### COUNT THREE

### (BREACH OF CONTRACT-GEICO)

16. The Plaintiff incorporates by reference the allegations of Counts one and two and further states:

17. That on December 12th 2002, the Plaintiff had an insurance policy with Defendant Geico which provided for the payment of personal injury protection including PIP coverage for lost wages only and uninsured motorist coverage.

18. That the Plaintiff paid his premium payments as required and had a binding contract in force in December 12 2002, the date of the collision.

19. That on or about January 23rd 2003, The Defendant GEICO received a completed PIP form from the plaintiff. The Plaintiff's Personal injury Protection policy provided for only lost wages. The policy also provide for uninsured motorist coverage.

20. That demand has been made upon GEICO for payment of the coverages provided for however, Geico through its agents servants and employees has refused to make payment under said provisions of said policy.

21. That Avon Burke was uninsured.

Wherefore the Plaintiff requests judgement against the Defendant Geico in the amount of $100,000.00

Robert Joel Zakroff,
4337 Montgomery Ave.
Bethesda, Md. 20814
301-986-5770
DC Bar #163337

## JURY DEMAND

The Plaintiff requests trial by jury as to all issues so triable.

Robert Joel Zakroff