VIRGINIA:

BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF ROBERT JOEL ZAKROFF

VSB DOCKET NO. 06-000-0153

## ORDER OF REVOCATION

**THIS MATTER** came on to be heard on September 23, 2005, before a panel of the Disciplinary Board consisting of Peter A. Dingman, First Vice Chair, William C. Boyce, Jr., William M. Moffet, Russell W. Updike and W. Jefferson O'Flaherty, lay member. The Virginia State Bar was represented by Marian L. Beckett, Assistant Bar Counsel. The Respondent, Robert Joel Zakroff, appeared in person and represented himself. The Chair polled the members of the Board panel as to whether any of them were conscious of any personal or financial interest or bias which would preclude any of them from fairly hearing this matter and serving on the panel, to which inquiry each member responded in the negative. Valarie L. Schmit, court reporter, Chandler & Halasz, P.O. Box 9349, Richmond, Virginia 23227, phone number 804/730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

The matter came before the Board on a Rule to Show Cause and Order of Suspension and Hearing entered by the Board on August 29, 2005.

The Board found that all legal notices of the date and time and place of the hearing were timely sent by the Clerk of the Disciplinary System in the manner prescribed by law.

Part Six, §IV, Paragraph 13.I.7 of the Rules of the Supreme Court of Virginia specifies how the Board is to proceed upon receiving notice of disbarment of a Virginia attorney in another jurisdiction. The Rule states that the Board shall impose the same discipline as was imposed in the other jurisdiction unless the Respondent proves by clear and convincing evidence one or more of the following three grounds for an alternative or no sanction being imposed:

595950-1



(1) That the record of the proceeding in the other jurisdiction clearly shows that such proceeding was so lacking in notice or opportunity to be heard as to constitute a denial of due process;

(2) That the imposition by the Board of the same discipline upon the same proof would result in a grave injustice; or

(3) That the same conduct would not be grounds for disciplinary action or for the same discipline in Virginia.

The following items were admitted into evidence:

1. The 196 page transcript of day 1 of the hearing in the matter of Attorney Grievance Commission v. Robert Joel Zakroff in the Circuit Court for Montgomery County, Maryland held on May 17, 2004.

2. The 90 page transcript of day 2 of the same hearing held on May 18, 2004.

3. The 226 page transcript of day 3 of the same hearing held on May 19, 2004.

4. The 137 page transcript of day 4 of the same hearing held on July 15, 2004.

5. The 147 page transcript of day 5 of the same hearing held on September 13, 2004.

6. The 25 page pleading entitled Respondent's Exceptions and Recommendations filed by Respondent's counsel in the Maryland disciplinary proceeding with the Court of Appeals of Maryland on or about January 21, 2005 taking exception to the findings of fact and conclusions of law filed by the Honorable Durke G. Thompson, Judge of the Circuit Court for Montgomery County, Maryland.

7. The 56 page opinion of the Court of Appeals of Maryland filed June 23, 2005, ordering the disbarment of Robert Joel Zakroff in the state of Maryland.

8. The 6 page Motion for Reconsideration filed by Respondent with the Court of Appeals of Maryland requesting that the Court of Appeals of Maryland reconsider its June 23, 2005 Order disbarring him.

9. The Order of the Court of Appeals of Maryland denying Respondent's Motion for Reconsideration.

595950-1

Mr. Zakroff testified on his own behalf.

After hearing the evidence and the argument of Respondent and the Virginia State Bar, the Board found by clear and convincing evidence that the license of Robert Joel Zakroff to practice law in the State of Maryland has been revoked and that such action has become final. The Board also found that Respondent failed to prove by clear and convincing evidence any of the three grounds which would permit this Board to impose any sanction other than revocation. Specifically, he did not establish by clear and convincing evidence that the Maryland proceeding was so lacking in notice or opportunity to be heard as to constitute a denial of due process. Mr. Zakroff was represented by counsel throughout the Maryland proceeding. He and his counsel were present and had an opportunity to present evidence and argument on Respondent's behalf at a multi-day hearing. He, through his counsel, had an opportunity to and did file exceptions to the findings of fact and conclusions of law submitted to the Court of Appeals of Maryland by Judge Thompson at the conclusion of a six day hearing. The Court of Appeals of Maryland after considering those exceptions, as well as exceptions filed by the Attorney Grievance Commission of Maryland, issued a 56 page opinion in which it set out its reasons for ordering Respondent's disbarment in the state of Maryland. Respondent filed a motion for reconsideration with the Court of Appeals, which was denied. Clearly, Respondent had notice of the Maryland proceeding and he had an opportunity to be heard in that proceeding.

Respondent did not prove by clear and convincing evidence that imposition by the Board of revocation of his Virginia license upon the same proof as was established in the Maryland proceeding would result in a grave injustice. The Court of Appeals of Maryland found that he was guilty of serious, extensive and willful trust account violations over an extended period of time and was at times as much as $421,000.00 out of trust. It cannot be said that the imposition of the sanction of revocation by this Board upon the same proof would result in a grave injustice.

Lastly, he did not prove by clear and convincing evidence that the same conduct which the Maryland proceeding found that he had committed would not be grounds for disciplinary action in Virginia or for the same discipline in Virginia.

595950-1

Accordingly, it is hereby ORDERED that Robert Joel Zakroff's license to practice law in the Commonwealth of Virginia be, and hereby is, revoked, effective September 16, 2005.

It is further ORDERED that Respondent must comply with the requirements of Part Six §IV, Paragraph 13.M of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail, return receipt requested, of the revocation of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. Respondent shall give such notice within 14 days of the effective date of the revocation, and shall make such arrangements as are required herein within 45 days of the effective date of the revocation. The Respondent shall also furnish proof to the Virginia State Bar within 60 days of the effective day of the revocation that such notices have been timely given and such arrangements made for the disposition of these matters.

It is further ORDERED that if the Respondent is not handling any client matters on the effective date of the revocation, he shall submit an affidavit to that effect to the Clerk of the Disciplinary System at the Virginia State Bar. All issues concerning the adequacy of the notice and arrangements required by Paragraph 13.M shall be determined by the Virginia State Bar Disciplinary Board, unless the Respondent makes a timely request for hearing before a three-judge court.

It is further ORDERED that pursuant to Part Six, § IV, Paragraph 13.B.8.c. of the Rules of the Supreme Court of Virginia, the Clerk of the Disciplinary System shall assess all costs against the Respondent.

It is further ORDERED that the Clerk of the Disciplinary System shall mail an attested copy of this order to Respondent at his address of record with the Virginia State Bar, being Robert Joel Zakroff, 4337 Montgomery Avenue, Bethesda, Maryland 20814-4423, by certified mail, return receipt requested, and by regular mail to Marian L. Beckett, Assistant Bar Counsel, Virginia State Bar, Suite 310, 100 North Pitt Street, Alexandria, Virginia, 22314-3133.

595950-1

ENTERED this 29th day of September, 2005.

VIRGINIA STATE BAR DISCIPLINARY BOARD

_____
Peter A. Dingman, First Vice Chair