UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENT LAVON RICE,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-2377 (EGS) |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ANSWER OF THE UNITED STATES OF AMERICA TO PLAINTIFF'S COMPLAINT FOR MONETARY DAMAGES

Defendant United States of America, through its undersigned attorneys, hereby responds to the Complaint for Monetary Damages ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

### SECOND DEFENSE

This Court is without jurisdiction to grant any relief beyond that for which the United States has waived sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 2670, et seq.

### THIRD DEFENSE

Plaintiff's claims against the United States are barred based on contributory negligence.

### FOURTH DEFENSE

Plaintiff's claims against the United States are barred based on the intervening negligence of third parties beyond the control of the United States.

FIFTH DEFENSE

All or some of Plaintiff's claims against the United States are barred by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

SIXTH DEFENSE

Defendant responds to each of the numbered paragraphs of the Complaint as follows:

**JURISDICTION**

1. This paragraph contains Plaintiff's assertion of jurisdiction to which no response is required. To the extent paragraph 1 contains any allegation of fact, denies.

2. This paragraph contains Plaintiff's assertion of jurisdiction to which no response is required. To the extent paragraph 2 contains any allegation of fact, denies.

3. This paragraph contains Plaintiff's assertion of jurisdiction to which no response is required. To the extent paragraph 3 contains any allegation of fact, denies.

**COUNT ONE**
**(GROSS NEGLIGENCE BY THE UNITED STATES OF AMERICA)**

4. Defendant admits that Plaintiff Kent Rice was operating a motor vehicle involved in a collision with a vehicle being operated by Avon Burke in the vicinity of 10th Street and Pennsylvania, S.E. in the District of Columbia on or about December 12, 2002, and avers that the collision happened on December 11, 2002. Defendant is lacks sufficient knowledge or information sufficient to form a belief as to how Avon Burke was operating his vehicle at the time of the collision, Avon Burke's reasons for failing to maintain control of his vehicle, or what caused Avon Burke to strike Plaintiff's vehicle, and therefore denies.

5. Defendant denies the first sentence. The second sentence does not contain any allegations of fact relating to Defendant United States, but to the extent this sentence contains

any allegations of fact concerning the United States, Defendant denies.  Defendant denies the third sentence.  With respect to the fourth sentence, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's injuries, if any, but denies any gross negligence on the part of the United States, and avers that Plaintiff's injuries, if any, were solely caused by Avon Burke.

6. Admits.

7. This paragraph contains conclusions of law to which no response is required.  To the extent paragraph 7 contains an allegation of fact relating to the United States, Defendant denies.

8. Defendant admits that the Capitol Police had reasonable suspicion for stopping a motor vehicle being operated by Avon Burke on December 11, 2002, and avers that Avon Burke drove away from the scene of the traffic stop at Third and C Streets, S.E. while the Capitol Police was running a WALES/NCIC check on Mr. Burke using his identification cards.  Defendant further avers that the Capitol Police followed Mr. Burke's vehicle at a normal rate of speed without activating the police cruiser's emergency equipment (lights and siren) and exercising reasonable care in the operation of the police cruiser at all times.  Defendant denies that the Capitol Police chased Avon Burke through the streets of the District of Columbia, and avers that the Capitol Police responded to the scene of the accident involving Mr. Burke's vehicle and only activated the emergency lights on the police cruiser after the officer following Avon Burke's vehicle observed the collision among the other vehicles in the area of 10th Street and Pennsylvania Avenue, S.E.  The remainder of Paragraph 8 contains legal conclusions to which no response is required.  To the extent Paragraph 8 contains any other allegations of fact, Defendant denies.

9. Denies.

10. Paragraph 10 contains conclusions of law to which no response is required. To the extent paragraph 10 contains any allegations of fact concerning the Defendant, denies. With respect to the allegations contained in the second sentence, defendant admits that on December 10, 2004 the United States Capitol Police received a Standard Form 95 Claim for Damage, Injury or Death dated November 17, 2004 and related to the accident in the vicinity of 10th Street and Pennsylvania Avenue, S.E. on December 11, 2002, and avers that the Standard Form 95 is the best evidence of its contents.

The unnumbered paragraph following paragraph 10 contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies any acts of gross negligence causing harm to Plaintiff, and further denies that Plaintiff is entitled to the relief sought in this sentence, the Complaint as a whole, or to any relief whatsoever. Defendant avers that the damages sought are in excess of the amount sought in Plaintiff's administrative claim which establishes the upper limit for any award of damages under 28 U.S.C. § 2675(b).

## COUNT TWO
### (GROSS NEGLIGENCE OF THE DISTRICT OF COLUMBIA)

11. Defendant hereby repleads and realleges its responses to paragraphs 1 through 10 with the same force and effect as if fully set forth separately at length herein.

12-15. These paragraphs do not contain allegations of fact concerning Defendant United States. To the extent these paragraphs contain any such allegations of fact, Defendant denies.

The unnumbered paragraph following paragraph 15 contains Plaintiff's prayer for relief against the District of Columbia to which no response is required.

## COUNT THREE
## (BREACH OF CONTRACT - GEICO)

16.     Defendant hereby repleads and realleges its responses to paragraphs 1 through 15 with the same force and effect as if fully set forth separately at length herein.

17-20.   These paragraphs do not contain allegations of fact against Defendant United States.  To the extent these paragraphs contain any such allegations of fact, denies.

21.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 21, and so denies.

The unnumbered paragraph following paragraph 21 contains Plaintiff's prayer for relief against GEICO to which no response is required from the United States.

## JURY DEMAND

Plaintiff's demand for a jury trial is a conclusion of law to which no response is required, but defendant United States avers that no waiver of sovereign immunity exists for a jury trial of tort claims brought against the United States pursuant to 28 U.S.C. § 2402.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Dated: March 13, 2006.

                                              Respectfully submitted,

                                              _____
                                              KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                              United States Attorney

                                              _____
                                              R. CRAIG LAWRENCE, D.C. Bar # 171538
                                              Assistant United States Attorney

                                              /s/_____
                                              JANE M. LYONS, D.C. Bar # 451737
                                              Assistant United States Attorney
                                              555 4th Street, N.W. - Room E4822
                                              Washington, D.C.  20530
                                              (202) 514-7161

                                              Counsel for Defendant United States

Of Counsel:
John T. Caulfield, Esq.
Scarlett D. Grose, Esq.
United States Capitol Police